IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN RIKOON and LAWRENCE
STEVEN TAUB, as Co-Trustees In the Matter of
the Caswell Silver Family Trust,

       Petitioners,

vs.                                                                                             No.  10cv0934 BB/DJS

ANNE H. SILVER, SUE B. SILVER HARIVANDI,
CASWELL RICO SILVER, ZSALEH ELIZABETH
HARIVANDI, and MITHRA ARIEL HARIVANDI,

       Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Interested Parties' First Motion to Compel and Supporting Brief **[Doc. No. 52]** filed on June 13, 2011, and fully briefed on July 1, 2011. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Respondents move the Court for an Order compelling Petitioners to produce certain documents.  Having reviewed the motion, the parties' memoranda in support and in opposition, and the applicable law, the Court finds that Respondents' motion is well taken and will be **GRANTED.**

### I.  Background

Robert Rikoon and Lawrence Taub are co-trustees of the Silver Family Group of Trusts and the EBS Insurance Trust (collectively, the Trusts).  Caswell Silver, who died on October 18, 1988, created three of the Trusts.  Elizabeth B. Silver, who died on July 3, 2009, created three of the Trusts.  Respondents are the beneficiaries of the Trusts.

Under the subject trust and testamentary instruments, upon the death of Elizabeth Silver, the Trusts were to terminate and the assets of the Trusts were to be distributed as provided in the subject trust and testamentary instruments. Following Elizabeth Silver's death, Rikoon and Taub proposed to distribute the assets from the Trusts. However, Rikoon and Taub required that each Respondent first sign a complete release of liability and an indemnification agreement as a condition of making the final distributions.

Relying on advice of their counsel, Respondents refused to sign the required release and indemnification agreement. Nonetheless, Respondents attempted to negotiate a limited form of release and indemnification. Rikoon and Taub continued to refuse to distribute the assets of the Trusts unless each Respondents first sign a broad form of release and indemnification agreement, releasing Rikoon and Taub from liability for, *inter alia*, their negligence in the administration of the Trusts and their negligence in providing other professional services.

After negotiations over the form of the required release and indemnification agreement failed, Petitioners filed this action in state court. Respondents removed the action to federal court. In Court I of their First Amended Answer, Respondents allege Petitioners breached fiduciary duties by, *inter alia*, charging legal expenses to the Trusts in connection with the Petitioners' efforts to secure a release of liability. Respondents further allege that as a proximate result, Respondents have suffered damages, including, but not limited to, the amounts Petitioners have charged to the Trusts for the hiring of counsel in Petitioners' efforts to secure a release of liability.

On February 22, 2011, the parties attended a settlement conference. Following the settlement conference, Petitioners distributed all but $216,000.00 of the assets of the Trusts. The unresolved issues, after the settlement conference, were: "(1) the reasonableness and

appropriateness of attorneys' fees; and (2) release discharge language to be decided by Judge Black."  Doc. No. 30 (Clerk's Minutes of February 22, 2011 Settlement Conference).

## II.  Discussion

### A.  Excusable Neglect

On April 1, 2011, Respondents served their First Set of Interrogatories and Requests for Production of Documents to the Petitioners.  On May 11, 2011, Petitioners served their answers and responses and stated objections to Respondents' First Set of Interrogatories and Requests for Production of Documents.  Respondents contend Petitioners' answers and responses were not timely served and thus Petitioners have waived any objections.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Lucero v. Valdez*, 240 F.R.D. 591,593 (D.N.M 2007)("It is well established that all objections to discovery requests must be timely or they are waived . . . .").

Petitioners concede their answers and responses were untimely.  Petitioners contend they filed their discovery responses ten days late due to a calendaring error.  However, Respondents point out that "the discovery requests were served upon each of the Petitioners' three lawyers by first class mail and by electronic mail on April 1, 2011 (Doc. 36), and that each of the Petitioners' three lawyers also received Notice of Electronic Filing of the Certificate of Service from the Court."  Respondents Reply at 3.  Nonetheless, Petitioners contend the Court should excuse the untimeliness of their answers and responses for excusable neglect or good cause.

Based on the admission that the delay was the result of a calendaring error, there is no claim of "good cause" in this case.  "Good cause comes into play in situations in which there is

not fault– excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004)(internal quotation marks omitted).

In determining whether "excusable neglect" applies in this case, the Court considers: (1) the danger of prejudice to the opposing party; (2) the length of the delay caused by the neglect and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4)  whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993).  "[F]ault in the delay remains a very important factor– perhaps the most important single factor – in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

Applying the *Pioneer* factors to the facts of this case, the Court does not find excusable neglect.  A delay of ten days is certainly not a lengthy delay, so this weighs in favor of a finding of excusable neglect.  Moreover, Respondents do not claim prejudice or that Petitioners' three attorneys acted in bad faith.  Nonetheless, Respondents served all three attorneys with the discovery request by first class mail and by electronic mail on April 1, 2011, and all three attorneys received the Court's Notice of Electronic Filing of the Certificate of Service. Petitioners failed to provide any explanation for how three attorneys committed a "calendaring error."  Accordingly, the Court finds the attorneys' neglect to timely file responses and answers to the requested discovery is not excusable, resulting in waiver of any objections.  Moreover, even if the Court were to find the neglect excusable, the Court would overrule Petitioners' objections for the following reasons.

**B.  Relevance of Discovery Sought**

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth." *Taylor v. Illinois,* 484 U.S. 400, 430, 108 S.Ct. 646 (1988).  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party . . . .For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P.26(b)(1). The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350, 98 S.Ct. 2380 (1978).

**Requests for Production Nos. 12, 13 and 14**

Respondents seek discovery concerning attorney fees paid to Petitioners' attorneys from assets of the trusts.  As previously noted, in Count I of Respondents' First Amended Answer to Petition and Counterclaim (Doc. No. 11), Respondents alleged Petitioners breached fiduciary duties by, *inter alia*, charging legal expenses to the Trusts in connection with Petitioners' efforts to secure a release of liability.  Mot. Compel at 6.  Accordingly, Respondents contend their requests for documents relating to the amounts Petitioners have paid their attorneys from assets of the Trusts, and the specific services rendered by the attorneys are reasonably calculated to lead to the discovery of admissible evidence regarding Respondents' damages.  *Id.* at 7.

The only Requests for Production at issue are Nos. 12, 13 and 14.  Request for Production No. 12 requests "[a] copy of each fee or engagement agreement with an attorney or

law firm which you signed in your capacity as trustee of a trust described in you petition." Respondents Ex. A (Doc. No. 52-1).  Request for Production No. 13 requests "[a]ll billing statements from the firm of Thompson, Hickey, Cunningham, Clow, April & Dolan, P.A., for services rendered to you in your capacity as trustee of a trust described in your petition."  *Id.* Request for Production No. 14 requests "[r]ecords which show the date and amount of attorney fees paid from assets of a trust described in the petition during the time you have served as a trustee."  *Id.*

Although Respondents "recognize that those documents may be relevant," nonetheless they refuse to produce those documents at this time because "the information contained therein is not going to change between now and the time the Court reaches the reasonableness inquiry." Respondents' Ex. F (Letter from Petitioners' counsel to Respondents' counsel).  The Court finds that the requested documents are indeed relevant.  Accordingly, Petitioners will produce the requested discovery set forth in Requests for Production Nos. 12, 13 and 14.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that the Interested Parties' First Motion to Compel and Supporting Brief is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

6