IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE CASWELL SILVER<br>FAMILY TRUST CREATED UNDER THE TERMS<br>OF THE CASWELL SILVER REVOCABLE TRUST<br>U/A DATED NOVEMBER 21, 1985, AS AMENDED;<br>THE CASWELL SILVER MARITAL TRUST<br>CREATED UNDER THE TERMS OF THE<br>CASWELL SILVER REVOCABLE TRUST U/A<br>DATED NOVEMBER 21, 1985, AS AMENDED; THE<br>CASWELL SILVER MARITAL GST EXEMPT<br>TRUST CREATED UNDER THE TERMS OF THE<br>CASWELL SILVER REVOCABLE TRUST U/A<br>DATED NOVEMBER 21, 1985, AS AMENDED; THE<br>ELIZABETH B SILVER TRUST U/A DATED<br>JUNE 26, 1989; THE ELIZABETH B SILVER OIL TRUST<br>U/A DATED DECEMBER 28, 1989; and THE<br>ELIZABETH B. SILVER INSURANCE TRUST U/A<br>DATED DECEMBER 30, 1993. | No. 10-cv-0934 BB/SMV |

**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' SECOND MOTION TO COMPEL AS TO INTERROGATORIES AND RESERVING RULING ON MOTION AS TO REQUESTS FOR PRODUCTION**

THIS MATTER is before the Court on Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] ("Motion"), filed on January 18, 2012. Petitioners responded in opposition on February 6, 2012. Petitioners' Response in Opposition to Respondents' Second Motion to Compel [Doc. 68] ("Response"). Respondents replied on February 21, 2012. Respondents' Reply to Petitioners' Response to Respondents' Second Motion to Compel [Doc. 71] ("Reply"). A telephonic hearing was held on the Motion on April 4, 2012. Clerk's Minutes [Doc. 75]. The Court will GRANT IN PART the Motion to extent that the disputed Interrogatories relate to either or both of the two remaining issues in the case and will DENY IN PART the Motion to the extent that the disputed Interrogatories do not relate to one or both of the two remaining issues

in the case. The Court will RESERVE RULING on the Motion as to the disputed Requests for Production while the parties attempt to resolve the dispute as agreed-upon at the hearing.

## Background

This case arises out of a dispute over the distribution of the assets held in a group of trusts created by Caswell Silver and/or Elizabeth Silver, both of whom are deceased. Petitioners, Robert Allen Rikoon and Lawrence Steven Taub, are the trustees, and they filed their original Verified Petition for Formal Approval of Proposed Final Distributions and Terminations of Trusts, of Accounts and Reports and of Trustee Fees and Expenses [Doc. 1-2] ("Petition") on September 3, 2010, in the First Judicial District Court of Santa Fe County, New Mexico. Respondents (or "interested parties") are the purported beneficiaries of the trusts, and they removed the case to this Court on October 1, 2010, on the basis of diversity jurisdiction. Notice of Removal [Doc. 1] at 1.

Since the case was initiated, the matters at issue have narrowed. On February 22, 2011, the Honorable Carmen E. Garza, United States Magistrate Judge, conducted a settlement conference, during which the parties settled all but two issues:

> (1) whether Trustees are entitled to a release of claims, and if so what should be the breadth of such a release; and (2) whether Trustees are entitled to use trust assets, such as a portion of the $216,000 kept in reserve, to pay the attorney's fees they have incurred in attempting to obtain the releases of claims and in filing and litigating the instant lawsuit.

Memorandum Opinion [Doc. 63] at 2 (quoted language); Clerk's Minutes [Doc. 30] (clerk's minutes for settlement conference). These two issues constitute the entirety of the current dispute in this action.

## Discovery Dispute

Respondents propounded discovery requests on each of the Petitioners on April 1, 2011. Motion [Doc. 66] at 3. On May 11, 2012, Petitioners untimely responded and attempted to assert various objections. *Id.* As a result, Respondents filed two motions to compel. The First Motion to Compel [Doc. 52] was decided by the Honorable Don J. Svet, United States Magistrate Judge, who was assigned to this case before his retirement. Judge Svet found that the untimely objections were waived and that, the waiver notwithstanding, the objections were overruled. Memorandum Opinion and Order [Doc. 60]. Ultimately, Judge Svet granted the First Motion to Compel. *Id.*

The Second Motion to Compel is the subject of this order. Because the Court reserves ruling on the Motion as it relates to the Requests for Production, no review of those arguments is necessary. Instead, the Court focuses on the arguments related to Interrogatories 5 and 6. Interrogatory number 5 asked:

> **[Interrogatory] 5.** Other than as described in your answers to the foregoing interrogatories, are you aware of any issue regarding the interpretation of the trusts described in the petition? If yes, for each such issue, state the specific issue in detail, the date on which you became aware of the issue and a description of each document which identifies or describes the issue.

Lawrence Steven Taub's Answers and Responses to Sue B. Harivandi's First Set of Interrogatories and Request for Production of Documents [Doc. 66-1] ("Taub's Answers") at 7 (emphasis added); Robert Allen Rikoon's Answers to Sue B. Harivandi's First Set of Interrogatories and Request for Production of Documents [Doc. 66-2] ("Rikoon's Answers") at 4 (emphasis added).

Each of the Petitioners responded to the discovery requests with "general objections" on various grounds and gave the following answers.

>     **[Petitioner Taub's] ANSWER:** Without waiving the general objections cited above, I do not understand the portion of the first sentence in Interrogatory No. 5, which states "...are you aware of any issue regarding the interpretation of the trusts...". [sic] I served as co-trustee of several Silver trusts for more than 17 years and during that period of time there were numerous discussions concerning the trusts.  Because I do not understand what is meant by "any issue regarding the interpretation of the trusts" I cannot reasonably or accurately answer this question and therefore it is objected to.  Any discussion of the issues that remain in this case or seek to be added to this case have been set forth in my affidavits attached to Petitioners' Response in Opposition to the Interested Parties' Motion to Amend Answer and Counterclaim and the Petitioners' Response to the Interested Parties' Motion for Summary Judgment.

Taub's Answers [Doc. 66-1] at 7.

>     **[Petitioner Rikoon's] ANSWER:**  Without waiving the general objections cited above, I do not understand the portion of the first sentence in Interrogatory No. 5, which states "...are you aware of any issue regarding the interpretation of the trusts..." and therefore object to it.  I served as co-trustee on the Silver trusts for more than 17 years and during that period of time there were numerous discussions concerning the trusts.

Rikoon's Answers [Doc. 66-2] at 4.  Interrogatory number 6 asked:

>     **[Interrogatory] 6.**  Other than as described in your answers to the foregoing interrogatories, do you claim that you informed a beneficiary of a trust described in your petition of any issue regarding the interpretation of the trusts described in the petition?  If yes, state the name of the beneficiary, the date you informed the beneficiary, the manner in which you informed the beneficiary and a description of each document which constitutes or memorializes such communication.

Taub's Answers [Doc. 66-1] at 7–8 (emphasis added); Rikoon's Answers [Doc. 66-2] at 4–5 (emphasis added).  Along with several "general objections," each of the Petitioners responded as follows:

>     **[Petitioner Taub's] ANSWER:** Without waiving the general objections cited above, I have had over 17 years of discussions with

> the beneficiaries of the various Silver trusts and cannot understand this question. If it is asking for every conversation I had with a beneficiary it is far too broad and burdensome to respond to and therefore is objected to. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998) (discovery interposed for harassment is sanctionable); Bonanno v. Quizno's Franchise Co., LLC, 225 F.R.D. 550, 553 (D. Colo. 2009) ("[W]hen a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."). The beneficiaries and their attorneys have approved all trustee quarterly reports for over 17 plus years. As to the alleged drafting issue, the 2005 Charles Rains' letter addresses the [sic] Elizabeth B. Silver's estate plan and suggests certain changes. Besides that point and issues that related [sic] to the insurance trust, I do not understand the question and therefore it is objected to.

Taub's Answers [Doc. 66-1] at 8.

> **[Petitioner Rikoon's] ANSWER:** Without waiving the general objections cited above, I have had over 17 years of discussions with the beneficiaries of the various Silver trusts and cannot understand this question. If it is asking for every conversation I had with a beneficiary it is far too broad and burdensome to respond to. The beneficiaries and their attorneys have approved all trustee quarterly reports over 17 plus years. The Charles Rains drafting issue was outside the Trusts and not an area I dealt with.

Rikoon's Answers [Doc. 66-2] at 5.

Respondents move the Court to compel Petitioners to answer Interrogatory numbers 5 and 6. Motion [Doc. 66] at 1. Petitioners ask the Court to excuse their untimely objections due to a "calendaring error." Response [Doc. 68] at 4. Petitioners further argue that the subject of the interrogatories is unrelated to the two issues remaining in the case and, therefore, not subject to discovery. *Id.* at 6. Respondents reply that Interrogatory numbers 5 and 6 are relevant to the breadth of the disputed release, which remains an issue in this action. Reply [Doc. 71] at 1. Therefore, Respondents ask the Court to compel Petitioner to respond to these Interrogatories. *Id.*

**Analysis**

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). To be admissible, the evidence must be relevant and material to the matters at issue in the case. *See* Fed. R. Evid. 401. When discovery requests are propounded, a responding party has 30 days to object to any request, and untimely objections are waived. Fed. R. Civ. P. 33(b)(2), (4); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007). Objections must be made with specificity as to *each* objectionable request, rather than to all requests collectively. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to *an* interrogatory must be stated with specificity.") (emphasis added).

In this case, Petitioners' objections were not timely asserted and, therefore, are waived. *See generally* Memorandum Opinion and Order [Doc. 60] at 3–4 (Judge Svet finding that the objections were waived as untimely and finding no excusable neglect). Moreover, Petitioners' "general objections" are not contemplated by the Rules and, therefore, are null. Notwithstanding the fact that Petitioners waived their objections, discovery is nevertheless limited by Rule 26's relevance requirement, which cannot be waived. Therefore, here, the discovery requests must be reasonably calculated to lead to the discovery of admissible evidence on one or both of the two remaining issues in the case, which are listed *supra*.

**IT IS THEREFORE ORDERED** that Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] is **GRANTED IN PART** to the extent that Interrogatories 5 and 6 relate to the two remaining issues in this case and **DENIED IN PART** to the extent that Interrogatories 5 and 6 do not relate to the two remaining issues in the case. Petitioners shall serve supplemental answers to Interrogatories 5 and 6 no later than May 4, 2012.

**IT IS FURTHER ORDERED** that the Court **RESERVES RULING** on the Motion [Doc. 66] as it relates to the Requests for Production to give the parties time to resolve the dispute informally, as discussed at the hearing on April 4, 2012.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge