IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE CASWELL SILVER
FAMILY TRUST CREATED UNDER THE TERMS
OF THE CASWELL SILVER REVOCABLE TRUST
U/A DATED NOVEMBER 21, 1985, AS AMENDED;
THE CASWELL SILVER MARITAL TRUST
CREATED UNDER THE TERMS OF THE
CASWELL SILVER REVOCABLE TRUST U/A        No. 10-cv-0934 BB/SMV
DATED NOVEMBER 21, 1985, AS AMENDED; THE
CASWELL SILVER MARITAL GST EXEMPT
TRUST CREATED UNDER THE TERMS OF THE
CASWELL SILVER REVOCABLE TRUST U/A
DATED NOVEMBER 21, 1985, AS AMENDED; THE
ELIZABETH B SILVER TRUST U/A DATED
JUNE 26, 1989; THE ELIZABETH B SILVER OIL TRUST
U/A DATED DECEMBER 28, 1989; and THE
ELIZABETH B. SILVER INSURANCE TRUST U/A
DATED DECEMBER 30, 1993.

**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' SECOND
MOTION TO COMPEL AS TO REQUESTS FOR PRODUCTION**

THIS MATTER is before the Court on Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] ("Motion"), filed on January 18, 2012. Petitioners responded in opposition on February 6, 2012. Petitioners' Response in Opposition to Respondents' Second Motion to Compel [Doc. 68] ("Response"). Respondents replied on February 21, 2012. Respondents' Reply to Petitioners' Response to Respondents' Second Motion to Compel [Doc. 71] ("Reply"). An initial telephonic hearing was held on the Motion on April 4, 2012. Clerk's Minutes [Doc. 75]. On April 19, 2012, the Court ruled on the Motion as it related to certain interrogatories and reserved ruling on the requests for production, on which the parties had reached a tentative resolution. Order Granting in Part and Denying in Part Respondents' Second Motion to Compel as

to Interrogatories and Reserving Ruling on Motion as to Requests for Production [Doc. 76] ("Initial Order on Second Motion to Compel").  A follow-up telephonic hearing was held on June 4, 2012, to address several issues that the parties were not able to resolve.  Clerk's Minutes [Doc. 87].  The Court, having considered the briefing, the relevant law, and oral argument, and being otherwise fully advised in the premises, FINDS that the Motion is well-taken and should be GRANTED IN PART as to the billing records.  The Court FURTHER FINDS that the Motion is not well taken and should be DENIED IN PART as to the correspondence with attorney Raines and as to Mrs. Silver's personal documents and belongings.

**Background**

This case arises out of a dispute over the distribution of the assets held in a group of trusts created by Caswell Silver and/or Elizabeth Silver, both of whom are deceased.  Petitioners, Robert Allen Rikoon and Lawrence Steven Taub, are the trustees, and they filed their original Verified Petition for Formal Approval of Proposed Final Distributions and Terminations of Trusts, of Accounts and Reports and of Trustee Fees and Expenses [Doc. 1-2] ("Petition") on September 3, 2010, in the First Judicial District Court of Santa Fe County, New Mexico.  Respondents (or "interested parties") are the purported beneficiaries of the trusts, and they removed the case to this Court on October 1, 2010, on the basis of diversity jurisdiction.  Notice of Removal [Doc. 1] at 1.

Since the case was initiated, the matters at issue have narrowed. On February 22, 2011, the Honorable Carmen E. Garza, United States Magistrate Judge, conducted a settlement conference, during which the parties settled all but two issues:

> (1) whether Trustees are entitled to a release of claims, and if so what should be the breadth of such a release; and (2) whether Trustees are entitled to use trust assets, such as a portion of the $216,000 kept in reserve, to pay the attorney's fees they have incurred in attempting to obtain the releases of claims and in filing and litigating the instant lawsuit.

Memorandum Opinion [Doc. 63] at 2 (quoted language); *see generally* Clerk's Minutes [Doc. 30] (clerk's minutes for settlement conference). These two issues constitute the entirety of the current dispute in this action.

## Discovery Dispute

Respondents propounded discovery requests on each of the Petitioners on April 1, 2011. Motion [Doc. 66] at 3. On May 11, 2011, Petitioners untimely responded and attempted to assert various objections. *Id.* As a result, Respondents filed two motions to compel. The First Motion to Compel [Doc. 52] was decided by the Honorable Don J. Svet, United States Magistrate Judge, who was assigned to this case before his retirement. Judge Svet found that the untimely objections were waived and that, the waiver notwithstanding, the objections were overruled. Memorandum Opinion and Order [Doc. 60] at 4–6. Ultimately, Judge Svet granted the First Motion to Compel. *Id.* at 6. The portion of the Second Motion to Compel that relates to interrogatories has already been decided by the Court. Initial Order on Second Motion to Compel [Doc. 76] at 6–7; *see generally* Clerk's Minutes [Doc. 75] (clerk's minutes for initial hearing on Second Motion to Compel).

The portion of the Second Motion to Compel that relates to the requests for production is the subject of this order. At the hearing on April 4, 2012, the parties reached a tentative resolution on the requests for production, which they attempted to implement thereafter. By the end of May, however, it became clear that three issues remained. Because only these three issues remain, this order is limited to those three issues.

First, Respondents request that Petitioners be compelled to produce the billing records that Petitioners have withheld because they were duplicative and/or had been produced previously and because they were working records or "log/calculation documents," as Mr. Cunningham characterized them.

Second, Respondents request the production of Petitioners' correspondence with attorney Raines, who apparently handled Mrs. Silver's estate planning before she passed away. Respondents assert that Petitioner Taub's supplemental answers to interrogatory numbers 5 and 6 implied that such communications were relevant to the administration of the trust, especially in light of the fact that Petitioners seeks a full and complete release of liability. In other words, Respondents contend that the correspondence with Mr. Raines is relevant to this case because in Petitioner Taub's answers to these interrogatories, he mentions that, at times, he referred Mrs. Silver and her daughter to attorney Raines for answers to certain questions. Respondents argue that Petitioner Taub's answers to the interrogatories put the correspondence at issue. Moreover, Respondents argue that they need to review the correspondence in order to evaluate the scope of any release.

Third, Respondents request the production of certain personal documents and belongings of Mrs. Silver, which they say are in the possession of Petitioners. Respondents argue that if

Petitioners/trustees have the personal belongings and documents, then the material must be related to the administration of the trust and, therefore, must be discoverable.[1]  As with the Raines correspondence, Respondents also argue that the material goes to the potential scope of the release. Respondents do not want to release Petitioners from liability for their role in Mrs. Silver's estate planning without full discovery on the issue.  Petitioners respond that such argument is actually a rehashing of Respondents' motion to amend their answer to add a counterclaim for negligence related to Mrs. Silver's estate planning, which was rejected by Judge Black.

**Analysis**

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  To be admissible, the evidence must be relevant and material to the matters at issue in the case.  *See* Fed. R. Evid. 401.  When discovery requests are propounded, a responding party has 30 days to object to any request, and untimely objections are waived.  Fed. R. Civ. P. 33(b)(2), (4); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007).  Objections must be made with specificity as to *each* objectionable request, rather than to all requests collectively.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to *an* interrogatory must be stated with specificity.") (emphasis added).

In this case, Petitioners' objections were not timely asserted and, therefore, are waived. *See generally* Memorandum Opinion and Order [Doc. 60] at 3–4 (Judge Svet finding that the objections were waived as untimely and finding no excusable neglect); Initial Order on Second Motion to

---

[1] Counsel for Respondents also informed the Court that two of his clients are the co-personal representatives for Mrs. Silver's estate and, in that capacity, have made a demand for the personal material from Petitioners. Clerk's Minutes [Doc. 87] at 2.

Compel [Doc. 76] at 6 (finding untimely objections waived).  Moreover, Petitioners' "general objections" are not contemplated by the Rules and, therefore, are null.  Notwithstanding the fact that Petitioners waived their objections, discovery is nevertheless limited by Rule 26's relevance requirement, which cannot be waived.  Therefore, here, the discovery requests must be reasonably calculated to lead to the discovery of admissible evidence on one or both of the two remaining issues in the case, which are listed *supra*.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] is **GRANTED IN PART** as to the billing records.  Petitioners are ordered to produce for inspection the billing records that they have withheld as duplicative, as already produced, or as working documents no later than June 14, 2012.

**IT IS FURTHER ORDERED** that Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] is **DENIED IN PART** as to the correspondence between Petitioners and attorney Raines and as to Petitioners' records related to attorney Raines because such records are not relevant to two remaining issues in this case.

**IT IS FURTHER ORDERED** that Respondents' Second Motion to Compel and Supporting Brief [Doc. 66] is **DENIED IN PART** as to Mrs. Silver's personal belongings and personal documents because such materials are not before the Court as part of the instant motion and are not related to the two remaining issue in this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**