IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

CASE NO. CV-10-934-BB-SMV

IN THE MATTER OF THE CASWELL SILVER FAMILY TRUST
CREATED UNDER THE TERMS OF THE CASWELL SILVER
REVOCABLE TRUST U/A DATED NOVEMBER 21, 19856, AS
AMENDED, THE CASWELL SILVER MARITAL TRUST CREATED
UNDER THE TERMS OF THE CASWELL SILVER REVOCABLE
TRUST U/A DATED NOVEMBER 21, 1985, AS AMENDED,
THE CASWELL SILVER MARITAL GST EXEMPT TRUST
CREATED UNDER THE TERMS OF THE CASWELL SILVER
REVOCABLE TRUST U/A DATED NOVEMBER 21, 1985, AS
AMENDED, THE ELIZABETH B. SILVER TRUST U/A DATED
JUNE 26, 1989 , THE ELIZABETH B. SILVER OIL TRUST U/A DATED
DECEMBER 28, 1989 AND THE ELIZABETH B. SILVER INSURANCE
TRUST U/A DATED DECEMBER 30, 1993.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioners' motion to reconsider [Doc. 122]. The Court has considered all briefs and submissions of counsel and finds this motion lacks merit. Therefore, for the reasons herein discussed, this motion shall be DENIED.

## **DISCUSSION**

Respondents point to numerous matters that are "directly contradicted by undisputed evidence and stipulated exhibits" [Motion to Reconsider, p. 2]. They assert the Court's findings are "plainly at odds with the following evidence" [id.]. They go on to identify the evidence they produced at trial and Kurt Sommer's testimony on the IRS deductions. Respondents totally misapprehend the purpose and scope of a motion for reconsideration.

The Federal Rules of Civil Procedure do no recognize a "motion to reconsider." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Where, as here, a motion requests reconsideration of a final decision upon which final judgment has been entered, it will typically arise in one of two ways: (1) under Fed. R. Civ. P. 59 as a motion for a new trial or to alter or amend the judgment, if filed within 28 days of entry of the judgment; or (2) under Fed. R. Civ. P. 60 as a motion for relief for judgment, if filed subsequent to the 28-day period. *See Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Here, the Motion to Reconsider was filed within 28 days of the entry of the judgment, as required by Rule 59(e). Accordingly, the Court will construe the motion as a Rule 59(e) motion to alter or amend judgment. *See Van Skiver,* 952 F.2d at 1243 (motion to reconsider filed within Rule 59(e) time limit should be construed as a Rule 59(e) motion).

Reconsideration is appropriate only when "(1) the court has made a manifest error of fact or law; (2) there is newly discovered evidence; or (3) there has been a change in the law." *Williams v. Weber,* 905 F. Supp 1502, 1514 (D. Kan. 1995); *accord Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Shields v. Shelter,* 120 F.R.D. 123, 126 (D. Colo. 1988); C. Wright A. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995). In essence, a motion to reconsider is not appropriate to re-argue an issue already decided by the court. *See Frederick v. Southeaster Penn. Transp. Auth.,* 926 F. Supp. 63, 64 (E.D. Pa. 1996).

Respondents do not argue that there is any change in the controlling law, provide any new evidence, or argue that there is manifest injustice. They merely argue that the Court failed to give their evidence adequate weight. Respondents' motion simply restates the arguments and facts that they advanced at trial. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v.*

*General Motors Corp.,* 846 F. Supp. 1482, 1483 (D. Kan. 1994).  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

In fact, the Court has already considered *all* the evidence an arguments set out in Respondents' Motion, and was not persuaded.  Therefore, Respondents' motion will be DENIED.

Dated this 28th day of September, 2012.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE